GEORGE A. SAWIN, APPELLANT, v. JOHN C. EISELE ET AL., RESPONDENTS.

Argued March 9, 1923—Decided October 11, 1923.

In a suit under the Gaming act (*Comp. Stat., p.* 2623) brought to recover moneys wagered, it must appear, by proper averments in the complaint, that the suit is brought either to recover moneys deposited by plaintiff on a wager which has not been determined, or to recover moneys deposited by him which have been with-held by the depositary notwithstanding the fact that the wager has been won by him, or to recover moneys deposited by him on a wager which he has lost within the six months next preceding the bringing of the suit.

---

On appeal from the Supreme Court.

For the appellant, *Joseph F. Kahrs* and *Merritt Lane.*

For the respondents, *Walter D. Barker* and *Josiah Stryker.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present case (like that of Shack *v.* Dickenhorst, with which it was argued, and which has been decided at the present term) was brought to recover certain moneys, representing the value of certain securities deposited by the plaintiff with the defendants to protect them against loss in certain stock transactions under an agreement between the parties—according to the averment of the complaint—that there should be no purchase or sale of any stocks

for the account of the plaintiff, but merely a settlement of differences between them. A motion having been made on behalf of the defendants to strike out the complaint upon the ground that it disclosed no cause of action, the trial court, after argument, granted the motion and ordered judgment entered for the defendants. From that judgment the plaintiff appeals.

That a transaction like that here involved comes within the condemnation of our Gaming act was declared by us in the Dickenhorst case. We also held in that case that, under the second section of the statute, the person depositing the money or other thing of value with the other party to the wager might sue for and recover it back at any time within the period prescribed by the statute of limitations, provided the wager had not been lost by him; but that in the event of the wager having been determined against the party making the deposit, the action brought to recover it must be commenced within six months after the loss occurred, the liability of the other party to the wager being terminated after the expiration of that period by force of section 5 of the act.

Under this construction of the statute, does the complaint disclose a cause of action? The plaintiff avers therein that the securities were deposited with the defendants in the month of January, 1919; that from that date up to and including January, 1921, the gaming transactions which were the subject-matter of the agreement between the parties were carried on by them; that from time to time, accounts of the profits and losses were made up and settlements had upon the basis thereof, the dates of which, however, are not stated in the complaint, excepting the last of them; and that the last of these accounts was made up and a settlement had thereunder in the month of February, 1921. The complaint contains the further averment that the present suit is brought within six calendar months after the making of the last sale or speculation by the defendants for and on behalf of the plaintiff.

The situation disclosed by the complaint, as we see it, is this: The gaming transactions referred to therein had all

of them been determined prior to the commencement of this suit. Some of them had resulted in favor of the plaintiff—that is, he was (in the language of our Gaming act) the winner. In other of these transactions he was the loser. From time to time a statement of his winnings and his losses was furnished to him by the defendants, the last of such statements having been furnished in February, 1921, and the last of his wagers having been decided less than six months prior to the institution of this suit.

The method adopted by our legislature for the enforcement of the prohibition of our Gaming act, as indicated in our opinion in the Shack case (*supra*), is to permit a person to recover the money which he has wagered at any time before the wager has been determined, or after his wager had been won in case his money has not been returned to him by the stakeholder or the person with whom it has been deposited; and, further, to recover moneys which he has lost provided he brings suit therefor within six months after said loss has occurred. In order to entitle the plaintiff to recover therefor it must appear, by proper averments in his complaint, that his suit is brought either to recover moneys deposited by him on a wager which has not been determined or to recover moneys deposited by him which have been withheld by the depositary notwithstanding the fact that the wager has been won by him, or to recover moneys deposited by him on a wager which he has lost within the six months next preceding the bringing of the suit. The present complaint contains no averment of the existence of either of these facts, and neither of them is to be presumed in favor of the plaintiff in the absence of such averment. *Shack v. Dickenhorst, supra.*

It is true that the complaint contains an allegation that suit was instituted within six calendar months after the determination of the last wager; but, for anything that appears in the complaint to the contrary, that wager may have resulted favorably to the plaintiff and he may have received from the defendants the amount of his winnings as well as the money wagered by him or its equivalent.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 11.

*For reversal*—None.